**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dietmar Hanke, | No. CV-24-03413-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Jason Trembly, et al., | |
| Defendants. | |

Plaintiff Dietmar Hanke filed this suit against ten defendants alleging diversity jurisdiction. (Doc. 1 at 1-2.) The complaint alleges Hanke is a "resident of Phoenix, Arizona" and "[a]t least three of the listed defendants . . . were/are residents of Florida and Delaware." (Doc. 1 at 2.) The complaint also alleges three of the individuals named as defendants are Arizona residents. Two of those Arizona residents own the defendant companies. (Doc. 1 at 3.) Hanke is required to file a supplement establishing complete diversity of citizenship.

The defendant companies are limited liability companies. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The complaint alleges defendants John Rowley and Marcia Rowley "are/were" the owners of the defendant LLCs. The supplement must state whether the Rowley are the only owners/members of the LLCs. If there are other members, they must be identified.

The complaint's allegations identify the residency of defendants. "But the diversity

jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Hanke's supplement must allege the citizenship, not the residency, of each defendant. That must include the named defendants as well as any other owners/members of the LLCs.

Finally, diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996)). Instead of "complete diversity," the complaint appears to believe it is sufficient for there to be "minimal diversity" between the parties. "Minimal diversity" refers to the plaintiff being a citizen of a state different from any defendant. *See, e.g.*, *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019). But minimal diversity is not enough. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017) ("complete diversity" is required in most civil actions but "minimal diversity" is sufficient in certain class actions).

Accordingly,

**IT IS ORDERED** no later than **December 12, 2024**, plaintiff shall file a supplement identifying the members or owners of each LLC and the citizenship of every relevant individual or entity.

Dated this 5th day of December, 2024.

Honorable Krissa M. Lanham
United States District Judge